IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MICHAEL LEE HAMMOND, JR., #2358499 | § § § | |
| VS. | § § | CIVIL ACTION NO. 4:21cv344 |
| JOEL HILL, ET AL. | § § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court are Defendants Sheriff Jim Skinner ("Sheriff Skinner") and Joel Hill's ("Hill") Motion to Dismiss (Dkt. #81) and Defendant Thomas Schmid's ("Schmid") Motion to Dismiss (Dkt. #89) (together, the "Motions to Dismiss"). *Pro se* Plaintiff Michael Lee Hammond, Jr. ("Plaintiff") filed responses (Dkt. ##93, 98, 103) to the Motions to Dismiss, and Defendants filed replies (Dkt. ##94, 99). For the reasons that follow, the Court recommends the Motions to Dismiss (Dkt. ##81, 89) be **GRANTED** and Plaintiff's lawsuit be **DISMISSED WITH PREJUDICE.**

### I.    BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this lawsuit against Defendants. Plaintiff is currently housed at TDCJ's Hodge Unit but at all times relevant to his claims, he was confined at the Collin County Detention Facility. In his third amended complaint—the live pleading in this matter—Plaintiff alleges that, on or about January 30, 2021, "[t]he facility" purportedly opened his "Personal & Confidential" mail from the "State Bar of Texas." (Dkt. #67, p. 4). He also alleges: "Involved was the mailroom employees Joel Hill and Thomas Schmid and Jim Skinner." (Dkt. #67, p. 4). For relief, Plaintiff requests a declaration that Defendants violated

1

his civil rights and that they "be suitably castigated and assessed punitive action," and he seeks monetary damages for the violation of his "rights & privacy, pain & suffering." (Dkt. #67, p. 4).

On February 3, 2024, Sheriff Skinner and Hill moved to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. #81). On February 19, 2024, Schmid also moved to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. #89). Defendants urge Plaintiff's claims should be dismissed because Plaintiff fails to allege a cognizable claim related to the opening of his "legal mail," fails to sufficiently plead Defendants' personal involvement in the alleged constitutional deprivation, and fails to overcome Defendants' entitlement to qualified immunity. (Dkt. #81, pp. 4-10; Dkt. #89, pp. 4-9). In addition, Sheriff Skinner argues he cannot be held vicariously liable for his subordinates' actions and Plaintiff's allegations are insufficient to establish that he implemented a policy or practice that was a moving force of any violation of Plaintiff's constitutional rights. (Dkt. #81, pp. 6-8). Plaintiff filed responses (Dkt. ##93, 98, 103) to the Motions to Dismiss, and Defendants filed replies (Dkt. ##94, 99).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of an action if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Because dismissals under Rule 12(b)(6) are disfavored, the Court must accept all well-pleaded facts in the plaintiff's complaint as true, "even if doubtful or suspect," and view them in the light most favorable to the plaintiff. *Peña Arita v. United States*, 470 F. Supp. 3d 663, 680 (S.D. Tex. 2020). However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

A claim will survive an attack under Rule 12(b)(6) if, considering all well-pleaded facts, the complaint states a plausible claim for relief, rather than "the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The well-pleaded facts must allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* When considering a motion to dismiss for failure to state a claim, the Court's review is limited to the complaint, any document attached to the complaint, any document attached to the motion to dismiss that is central to the claim and referenced by the complaint, and any facts subject to judicial notice. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

The Court is also mindful it "must construe the pleadings of *pro se* litigants liberally to prevent the loss of rights due to inartful expression." *Perez v. Dallas Cnty. Jail*, No. 3:20-CV-1697-K-BN, 2022 WL 1215781, at *2 (N.D. Tex. Mar. 31, 2022) (internal citations omitted), *report and recommendation adopted*, No. 3:20-CV-1697-K, 2022 WL 1213415 (N.D. Tex. Apr. 25, 2022); *see also Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). "But 'liberal construction does not require that the Court . . . create causes of action where there are none.'" *Rolan v. LaSalle Sw. Corr.*, No. 3:20-CV-2842-B-BN, 2021 WL 5568168, at *3 (N.D. Tex. Nov. 1, 2021) (quoting *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013)), *report and recommendation adopted*, No. 3:20-CV-2842-B-BN, 2021 WL 5566769 (N.D. Tex. Nov. 29, 2021).

## III. ANALYSIS

### A. <u>Failure to State a Claim Based Upon Opening of Legal Mail</u>

Liberally construed, Plaintiff alleges Defendants violated his constitutional rights by opening his legal mail outside his presence. A prison official's interference with a prisoner's legal mail may violate the prisoner's constitutional right of access to the courts and First Amendment right to free speech—i.e., the right to be free from unjustified governmental interference with communication. *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993).

It is clearly established that prisoners have a constitutionally protected right of access to the courts. *Id.* To prevail on a claim that his right of access to court has been violated, an inmate must demonstrate prejudice or harm by showing that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered by the defendant's actions. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In *Lewis*, the Supreme Court stated that an inmate must show more than the inability to file a claim in order to succeed on an access to court claim; instead, he must show that he would have been able to bring a nonfrivolous claim with arguable legal merit—he must show an actual injury. 518 U.S. at 351-53; *see also Juarez v. Morgan*, No. CIV.A. 9:08CV15, 2008 WL 1883962, at *2 (E.D. Tex. Apr. 28, 2008).

With respect to a prisoner's right to free speech, a prisoner has a limited First Amendment right against the "unjustified governmental interference with communication." *Brewer*, 3 F.3d at 820-21. The limitation is that the interference may be condoned if it is "reasonably related to a legitimate penological interest." *Turner v. Safley*, 482 U.S. 78, 89 (1987). The Supreme Court has also made it clear that a prisoner's freedom from censorship under the First Amendment's guarantee of free speech with regard to his incoming mail is not the equivalent of freedom from

inspection or perusal. *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *see also Brewer*, 3 F.3d at 821.

The Fifth Circuit has held that prisoners do not have a constitutional right to be present when legal mail is opened and inspected. *Brewer*, 3 F.3d at 820; *see also Collins v. Foster*, 603 F. App'x 273, 275 (5th Cir. 2015); *Patel v. Haro*, 470 F. App'x 240, 244 (5th Cir. 2012); *Busby v. Dretke*, 359 F.3d 708, 722 n.15 (5th Cir. 2004). Additionally, the Fifth Circuit has held that the violation of a prison regulation requiring a prisoner to be present when his incoming legal mail is opened and inspected is not a violation of a prisoner's constitutional rights. *Brewer*, 3 F.3d at 825; *see also Sanders v. Klinger*, 100 F. App'x 957, 2004 WL 1284200 (5th Cir. June 9, 2004) (allegation that prison official opened the prisoner's legal mail outside his presence, in violation of prison rules and his constitutional rights, was properly dismissed as frivolous); *Walker v. Navarro Cnty. Jail*, 4 F.3d 410, 414 (5th Cir. 1993) (holding in First Amendment context that prison officials have a "legitimate security interest in opening and inspecting incoming mail for contraband").

Plaintiff's complaint in this lawsuit is that one item of purported "legal mail" from the State Bar of Texas was improperly opened outside of his presence before it was delivered to him. (Dkt. #67, p. 4; Dkt. #93-1). Plaintiff does not allege he did not receive his legal mail, nor does he allege any harm came to him as a result of the opening of this letter. *See generally Walker*, 4 F.3d at 413; *Brewer*, 3 F.3d at 825. Plaintiff does not allege his incoming mail was censored or that this alleged inspection affected his ability to prepare or transmit necessary legal documents. *See Brewer*, 3 F.3d at 825; *Smith v. Stewart*, 8 F.3d 20 (5th Cir. 1993); *Corbett v. Aransas Cnty.*, No. 2:23-CV-00111, 2024 WL 195962, at *4 (S.D. Tex. Jan. 18, 2024). Thus, Plaintiff does not allege his right to access to the courts was in any way infringed. Rather, the allegations in Plaintiff's third amended

complaint, taken in the light most favorable to Plaintiff, establish that his legal mail was opened

outside his presence in violation of the jail's rules before being delivered to him. These facts do

not set out a constitutional violation. Therefore, Plaintiff has not stated a cognizable constitutional

claim either for a denial of access to the courts or for a denial of his right to free speech by alleging

that his incoming legal mail was opened and inspected outside his presence. *See Brewer*, 3 F.3d at

825.

  Plaintiff also alludes to a violation of his privacy rights in his third amended complaint.

(Dkt. #67, p. 4). Because the Fourth Amendment provides an explicit basis for his right against

unreasonable government searches of his personal papers and effects, Plaintiff must look to the

Fourth Amendment to enforce his privacy right against the unwanted search of his incoming mail.

*Graham v. Connor*, 490 U.S. 386, 395 (1989); *see also Stroud v. United States*, 251 U.S. 15, 21-

22 (1919) (analyzing search and seizure of prisoner's outgoing mail under the Fourth

Amendment); *Busby*, 359 F.3d at 715-16 (same).

  To succeed on a privacy claim under the Fourth Amendment, Plaintiff must first show that

he had a "constitutionally protected reasonable expectation of privacy" in his incoming legal mail.

*Katz v. United States*, 389 U.S. 347, 360 (1967). To do so, he must demonstrate "an actual

expectation of privacy; that is . . . that he [sought] to preserve [his incoming legal mail] as private.

. . . Second, [he must show that his] expectation of privacy is one that society is prepared to

recognize as reasonable." *Bond v. United States*, 529 U.S. 334, 338 (2000). "A prisoner's rights

are diminished by the needs and exigencies of the institution in which he is incarcerated." *Elliott

v. Lynn*, 38 F.3d 188, 190 (5th Cir. 1994). Prisoners retain, at best, a very minimal Fourth

Amendment interest in privacy. *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002). With respect to

the inspection and confiscation of incoming correspondence, prisoners do not have an expectation

of privacy in their mail, which is routinely inspected for contraband outside their presence. *Prescott v. Johnson*, No. 6:18cv577, 2022 WL 672694, at *17 (E.D. Tex. Mar. 7, 2022) (unpublished); *cf. Walker*, 4 F.3d at 414 (holding in First Amendment context that prison officials have a "legitimate security interest in opening and inspecting incoming mail for contraband"). Because Plaintiff did not have a reasonable expectation of privacy with respect to his incoming correspondence, any Fourth Amendment claim fails to state a claim upon which relief may be granted. *See Hall v. Puntes*, No. 9:23-CV-12, 2024 WL 1229482, at *3 (E.D. Tex. Feb. 28, 2024), *report and recommendation adopted*, No. 9:23-CV-12, 2024 WL 1219974 (E.D. Tex. Mar. 20, 2024).

In sum, Plaintiff's third amended complaint does not set out any cognizable constitutional violation; consequently, Plaintiff's claims against Defendants lack an arguable basis in law and fail to state a claim upon which relief may be granted, and the claims should be dismissed.

**B. <u>Leave to Amend</u>**

Generally, a *pro se* plaintiff should be allowed to amend his complaint before it is dismissed. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). "Although leave to amend under Rule 15(a) is to be freely given, that generous standard is tempered by the necessary power of a district court to manage a case." *Strickland v. Bank of N.Y. Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) (citing *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003)). A district court may consider the following factors in deciding whether to grant leave to amend: undue delay, bad

faith or dilatory motive on the plaintiff's part, repeated failures to cure deficiencies by previous amendments allowed, undue prejudice to the opposing party, and futility of the amendment. *Id.*

Here, Plaintiff has amended his complaint several times and has provided no indication he would be able to cure the pleading deficiencies identified herein if he were allowed to amend his complaint again. Under these circumstances, the Court finds granting Plaintiff leave to amend would be futile, would unnecessarily delay these proceedings, and would prejudice Defendants, who have already filed motions to dismiss and would likely file additional motions to dismiss if another amended complaint were filed.

## C.  <u>Strike under 28 U.S.C. § 1915(g)</u>

Under the PLRA, an inmate may not file any lawsuit or appeal *in forma pauperis* if he has three or more lawsuits or appeals previously dismissed as "frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The statutory provision was designed to stop abusive litigious practices employed by inmates.

Because the Court is recommending dismissal of Plaintiff's claims in this case as frivolous and/or for failing to state a claim upon which relief may be granted, it is further recommended Plaintiff be advised this dismissal counts as a strike pursuant to 28 U.S.C. § 1915, and should he accumulate three strikes, he may be denied *in forma pauperis* status and be required to pay the full filing fee when filing additional civil actions or appeals unless he demonstrates he is in imminent danger of serious physical injury.

## IV. RECOMMENDATION

For the reasons set forth above, the Court recommends the Motions to Dismiss (Dkt. ##81, 89) be **GRANTED** and Plaintiff's lawsuit be **DISMISSED WITH PREJUDICE**. The Court further recommends this dismissal be counted as a strike pursuant to 28 U.S.C. § 1915.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 10th day of May, 2024.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE